FILED
2008 Oct-20  PM 12:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

LEXINGTON INSURANCE COMPANY,
as subrogee of Tyson Foods, Inc.;
TYSON INTERNATIONAL COMPANY, LTD.
as subrogee of TYSON FOODS, INC.;
ALLIANZ INSURANCE COMPANY
as subrogee of Tyson Foods, Inc.;
PRAETORIAN INSURANCE COMPANY
as subrogee of Tyson Foods, Inc.; and
TYSON FOODS, INC.,                                      CASE NO.: 1:08-cv-01585-KOB

      Plaintiffs,

v.

CONTRACTOR SERVICE & FABRICATION, INC.; and
QUALITY ROOFING CONTRACTORS OF
SOUTHEAST MISSOURI, INC.,

      Defendants.
_____/

## AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, LEXINGTON INSURANCE COMPANY, as subrogee of Tyson

Foods, Inc.; TYSON INTERNATIONAL COMPANY, LTD., as subrogee of Tyson

Foods, Inc.; ALLIANZ INSURANCE COMPANY, as subrogee of Tyson Foods, Inc.;

PRAETORIAN INSURANCE COMPANY, as subrogee of Tyson Foods, Inc.; and

TYSON FOODS, INC., by and through their undersigned counsel and pursuant to the

1

Federal Rules of Civil Procedure and this Court's Order dated October 8, 2008, hereby file their Amended Complaint against Defendants, QUALITY ROOFING CONTRACTORS OF SOUTHEAST MISSOURI, INC. and CONTRACTOR SERVICE & FABRICATION, INC., and aver as follows:

## GENERAL AVERMENTS

1. This is an action for damages in excess of $75,000 exclusive of attorneys fees, interest, and costs.

2. At all times material to this action, Plaintiff LEXINGTON INSURANCE, was a Delaware Corporation with its principal place of business in Massachusetts, authorized to and conducting business in the State of Alabama.

3. At all times material to this action, Plaintiff TYSON INTERNATIONAL COMPANY, LTD. (hereinafter "TICL") was a Bermuda Corporation with its principal place of business in Bermuda, authorized to and conducting business in the State of Alabama.

4. At all times material to this action, Plaintiff ALLIANZ INSURANCE COMPANY, was a California Corporation with its principal place of business in Illinois, authorized to and conducting business in the State of Alabama.

5. At all times material to this action, Plaintiff PRAETORIAN INSURANCE COMPANY, was an Illinois Corporation with its principal place of business in

Illinois, authorized to and conducting business in the State of Alabama.

6. At all times material to this action Tyson Foods, Inc. (hereinafter "TYSON") was a Delaware corporation with its principal place of business in Arkansas, authorized to and conducting business in the State of Alabama.

7. At all times material to this action, LEXINGTON INSURANCE COMPANY, TYSON INTERNATIONAL COMPANY, LTD., ALLIANZ INSURANCE COMPANY, and PRAETORIAN INSURANCE COMPANY (hereinafter collectively referred to as "the Plaintiffs" and "the Insurers") issued certain property insurance policies to TYSON, relative to TYSON's chicken processing facility in Heflin, Alabama, Cleburne County. The Insurers' insurance policies with TYSON provided insurance coverage for damages to TYSON's property and business. Copies of the aforementioned insurance policies between TYSON and LEXINGTON, TICL, ALLIANZ, and PRAETORIAN are attached hereto by reference (Attached to the original Complaint as Exhibits A, B, C, and D, respectively.

8. At all times material to this action, and upon information and belief, Defendant, CONTRACTOR SERVICE & FABRICATION, INC. (hereinafter "CS&F"), was an Alabama corporation with its principal place of business in Decatur, Alabama, conducting business in the State of Alabama, Cleburne County. With specific reference to this matter, CS&F served as a roofing contractor hired by TYSON to

remove a portion of the existing steel roof deck and roof support structure and to install new structural steel to complete a roof replacement project at Tyson's chicken processing facility, located in Heflin, Alabama (hereinafter "the Facility").

9.  At all times material to this action, and upon information and belief, Defendant, QUALITY ROOFING CONTRACTORS OF SOUTHEAST MISSOURI, INC. (hereinafter "QUALITY"), was a Missouri corporation, with its principal place of business in Senath, Missouri, doing business in the State of Alabama, Cleburne County.  With specific reference to this matter, QUALITY served as a roofing contractor hired by TYSON to put a new roof covering over the steel roof deck installed by CS&F, as part of the roof replacement project at Tyson's Facility.

10.  This Court has original jurisdiction of this civil action pursuant to 28 USC 1332 (a) as it is a suit between citizens of a state and citizens of a foreign state and the amount in controversy exceeds the sum or $75,000, exclusive of interest and costs.  This matter is properly brought in this court pursuant to 28 USC 1391 (a)(1) as the defendants reside herein, as that term is construed under 28 USC 1391(c) and pursuant to 28 USC 1391 (a)(2), as a substantial part of the events and omissions giving rise to the claim occurred and a substantial part of the property that is the subject of the action is situated herein.

11.  As a direct and proximate result of the work performed by CS&F and

QUALITY, a fire occurred at the TYSON Facility on September 23, 2006 (hereinafter "the Fire").

12. At the time of the fire, both CS&F and QUALITY were working on the roof.

13. At the time of the fire, CS&F was utilizing a cutting and grinding machine to remove the existing roof support steel.

14. At the time of the fire, QUALITY was using open flame torches to apply a new roof cover and protective membrane.

15. Pursuant to the insurance proceeds paid by the Insurers to TYSON per the aforementioned insurance contracts, the Insurers are subrogated to the rights of TYSON for all monies paid to TYSON in satisfaction of TYSON's damages claim related to the fire loss described herein.

### COUNT I - CS&F'S NEGLIGENCE

16. Plaintiffs reallege and reincorporate by reference paragraphs 1 through 15 as if fully stated herein.

17. At all times material to this action, Defendant CS&F had a duty to perform its work in a safe and cautious manner, and operate its equipment in such a manner so as to not cause a fire.

18. CS&F breached its duties to TYSON by the following:

    (a) Performing its work on the existing steel roof deck in such a manner that

    caused the Fire to occur;

 (b) Failing to provide adequate fire protection to exposed flammable materials on the roof;

 (c) Failing to post a fire watch; and

 (d) To the extent that a fire watch was posted, posting a fire watch who negligently performed their duties.

19. As a direct and proximate result of CS&F's aforementioned breaches of its duties to TYSON, a Fire occurred on September 23, 2006.

20. As a direct and proximate result of CS&F's aforementioned breaches of its duties to TYSON, TYSON suffered extensive damage.

21. It was, or should have been, reasonably foreseeable to CS&F that, if CS&F breached its duties to TYSON, TYSON would be damaged.

22. As a direct and proximate result of CS&F's breaches of due care and the resulting fire, the Insurers were required to make payments of insurance proceeds to TYSON for the damages incurred and thus, the Insurers have been damaged by CS&F's negligence as outlined herein.

 WHEREFORE, the Plaintiffs, by and through their undersigned counsel, respectfully demand judgment against CONTRACTOR SERVICE AND FABRICATION, INC., for compensatory damages, pre-judgment interest, post-

judgment interest, costs, and any other relief that this Court deems proper and just.

## COUNT II - NEGLIGENT TRAINING AND SUPERVISION AS TO CS&F

23.    Plaintiffs reallege and reincorporate by reference paragraphs 1 through 15 as if fully stated herein.

24.    At all times material to this action Defendant CS&F had a duty to perform its work in a safe and cautious manner, and to operate its equipment in such a manner so as to not cause a fire.

25.    CS&F employees, were retained by CS&F for the purpose of furthering CS&F's contractual obligations to TYSON.

26.    The CS&F employees had a duty to perform their work in a safe and cautious manner, and to operate their equipment in such a manner so as to not cause a fire.

27.    The CS&F employees breached their duty to TYSON by the following:

    (a)    Performing their work on the existing steel roof deck in such a manner that caused the Fire to occur;

    (b)    Failing to provide adequate fire protection to exposed flammable materials on the roof;

    (c)    Failing to post a fire watch; and

    (d)    To the extent that a fire watch was posted, posting a fire watch who negligently performed their duties.

28. As a direct and proximate result of the CS&F employees' aforementioned breaches of their duties to TYSON, a Fire occurred at TYSON's Facility on September 23, 2006.

29. Had CS&F exercised due and proper diligence in supervising the CS&F employees working on the TYSON Facility roof, CS&F would have learned that the employees were not performing their work in a safe and cautious manner so as to not cause a fire.

30. As a direct and proximate result of CS&F's failure to properly supervise its employees, the Insurers were required to make payments of insurance proceeds to TYSON for the damages incurred and thus, the Insurers have been damaged by CS&F's negligence as outlined herein.

WHEREFORE, the Plaintiffs, by and through their undersigned counsel, respectfully demand judgment against CONTRACTOR SERVICE AND FABRICATION, INC., for compensatory damages, pre-judgment interest, post-judgment interest, costs, and any other relief that this Court deems proper and just.

### COUNT III - CS&F'S BREACH OF CONTRACT

31. Plaintiffs reallege and reincorporate by reference paragraphs 1 through 15 as if fully stated herein.

32. CS&F entered into an contract with TYSON to remove a portion of the existing

steel roof deck and roof support structure and to install new structural steel. The contract is attached hereto by reference (Attached to the original Complaint as Exhibit "E").

33. Pursuant to the terms of the contract, CS&F agreed to remove existing roof structures in the chemical storage and offal areas and install new structural steel. CS&F owed a duty to TYSON to complete its contractual obligations in such a manner so as to not cause a fire.

34. At all times material to this action, the duties owed by CS&F to TYSON pursuant to the terms of the contract were non-delegable.

35. CS&F breached the subject contract by the following:

   (a) Performing its work on the existing steel roof deck in such a manner which caused the Fire to occur;

   (b) Failing to provide adequate fire protection to exposed flammable materials on the roof;

   (c) Failing to post a fire watch; and

   (d) To the extent that a fire watch was posted, posting a fire watch who negligently performed their duties.

36. As a direct and proximate result of CS&F's aforementioned breaches of its duties to TYSON and breaches of the contract a Fire occurred at TYSON's Facility,

which caused extensive damages.

37. As a direct and proximate result of CS&F's aforementioned breaches of its duties to TYSON and breaches of the contract a Fire occurred at TYSON's Facility, which caused extensive damages.

38. It was, or should have been, reasonably foreseeable to CS&F that should CS&F fail to comply with the terms of the contract and failure to perform their work in a safe and cautious manner, that TYSON would be damaged.

39. As a direct and proximate result of CS&F's breach of the contract and resulting fire, the Insurers were required to make payments of insurance proceeds to TYSON for the damages incurred and, thus, the Insurers have been damaged by CS&F's breaches as outlined herein.

WHEREFORE, the Plaintiffs, by and through their undersigned counsel, respectfully demand judgment against CONTRACTOR SERVICE AND FABRICATION, INC., for compensatory damages, pre-judgment interest, post-judgment interest, costs, and any other relief that this Court deems proper and just.

## COUNT IV - WANTONNESS OF CS&F

40. Plaintiffs reallege and reincorporate by reference paragraphs 1 through 15 as if fully stated herein.

41. At all times material to this action, Defendant CS&F had a duty to perform its

work in a safe and cautious manner, and to operate machinery and equipment in such a manner so as to not cause a fire.

42. CS&F breached its duty to TYSON when it performed its work on the existing steel roof deck in a wanton manner, or with a reckless or conscious disregard of the rights or safety of others.

43. CS&F performed its work with a reckless or conscious disregard of the rights or safety of others by the following:

    (a) Performing its work on the existing steel roof deck in such a manner which caused the Fire to occur;

    (b) Failing to provide adequate fire protection to exposed flammable materials on the roof;

    (c) Failing to post a fire watch; and

    (d) To the extent that a fire watch was posted, posting a fire watch who negligently performed his duties.

44. TYSON specifically informed CS&F of the requirement to post a fire watch.

45. CS&F either knew or should have known, that breaching its duties to TYSON would likely or probably result in a dangerous situation such as a fire occurring.

46. As a direct and proximate result of CS&F's wantonness, a Fire occurred on September 23, 2006.

47.     As a direct and proximate result of CS&F's wantonness, TYSON suffered extensive damage.

48.     It was, or should have been, reasonably foreseeable to CS&F that, if it breached its duties to TYSON, TYSON would be damaged.

49.     As a direct and proximate result of CS&F's wanton breaches of due care and resulting fire, the Insurers were required to make payments of insurance proceeds to TYSON for the damages incurred and, thus, the Insurers have been damaged by CS&F's wantonness as outlined herein.

WHEREFORE, the Plaintiffs, by and through their undersigned counsel, respectfully demand judgment against CONTRACTOR SERVICE AND FABRICATION, INC., for compensatory damages, pre-judgment interest, post-judgment interest, costs, and any other relief that this Court deems proper and just.

### COUNT V - QUALITY'S NEGLIGENCE

50.     Plaintiffs reallege and reincorporate by reference paragraphs 1 through 15 as if fully stated herein.

51.     At all times material to this action, Defendant QUALITY had a duty to perform its work in a safe and cautious manner, and operate the open flame torches in such a manner so as to not cause a fire.

52.     QUALITY breached its duties to TYSON by the following:

    (a)     Performing its work in such a manner which caused the Fire to occur;

    (b)     Failing to provide adequate protection to exposed flammable materials on the roof;

    (c)     Failing to post a fire watch; and

    (d)     To the extent that a fire watch was posted, posting a fire watch who negligently performed his duties.

53. As a direct and proximate result of QUALITY's aforementioned breaches of its duties to TYSON, a Fire occurred on September 23, 2006.

54. As a direct and proximate result of QUALITY's aforementioned breaches of its duties to TYSON, TYSON suffered extensive damage.

55. It was, or should have been, reasonably foreseeable to QUALITY that, if it breached its duties to TYSON and a fire occurred, TYSON would be damaged.

56. As a direct and proximate result of QUALITY's breaches of due care and resulting fire, the Insurers were required to make payments of insurance proceeds to TYSON for the damages incurred and thus, the Insurers have been damaged by QUALITY's negligence as outlined herein.

57. As a result of the aforementioned insurance payments, the Insurers are subrogated to the rights of TYSON to recover said payments from QUALITY.

    WHEREFORE, the Plaintiffs, by and through their undersigned counsel,

respectfully demand judgment against QUALITY ROOFING CONTRACTORS OF SOUTHEAST MISSOURI, INC., for compensatory damages, pre-judgment interest, post-judgment interest, costs, and any other relief that this Court deems proper and just.

### COUNT VI - NEGLIGENT TRAINING AND SUPERVISION AS TO QUALITY

58. Plaintiffs reallege and reincorporate by reference paragraphs 1 through 15 as if fully stated herein.

59. At all times material to this action Defendant QUALITY had a duty to perform its work in a safe and cautious manner, and operate its machinery and equipment in such a manner so as to not cause a fire.

60. QUALITY employees were retained by QUALITY for the purpose of furthering QUALITY's contractual obligations to TYSON.

61. The QUALITY employees had a duty to perform their work in a safe and cautious manner, and operate their machinery and equipment in such a manner so as to not cause a fire.

62. The QUALITY employees breached their duty to TYSON by the following:

    (a) Performing their work in laying strips of roofing membrane in such a manner which caused the Fire to occur;

    (b) Failing to provide adequate fire protection to exposed flammable

        materials on the roof;

   (c)    Failing to post a fire watch; and

   (d)    To the extent that a fire watch was posted, posting a fire watch who negligently performed his duties.

63. As a direct and proximate result of the QUALITY employees' aforementioned breaches of their duties to TYSON, a Fire occurred on September 23, 2006.

64. Had QUALITY exercised due and proper diligence in supervising the QUALITY employees working on the TYSON Facility roof, QUALITY would have learned that the employees were not performing their work in a safe and cautious manner so as to not cause a fire.

65. As a direct and proximate result of QUALITY's failure to properly supervise its employees, a Fire occurred, the Insurers were required to make payments of insurance proceeds to TYSON for the damages incurred and thus, the Insurers have been damaged by QUALITY's negligence as outlined herein.

    WHEREFORE, the Plaintiffs, by and through their undersigned counsel, respectfully demand judgment against QUALITY ROOFING CONTRACTORS OF SOUTHEAST MISSOURI, INC., for compensatory damages, pre-judgment interest, post-judgment interest, costs, and any other relief that this Court deems proper and just.

## COUNT VII - QUALITY'S BREACH OF CONTRACT

66. Plaintiffs reallege and reincorporate by reference paragraphs 1 through 15 as if fully stated herein.

67. QUALITY entered into an contract with TYSON to remove and replace the roof systems over the offal and chemical storage areas. The contract is attached hereto by reference (Attached to the original Complaint as Exhibit "F").

68. Pursuant to the terms of the contract, QUALITY agreed to install a new roof covering according to TYSON's specifications. QUALITY owed a duty to TYSON to complete its contractual obligations in such a manner so as to not cause a fire.

69. At all times material to this action, the duties owed by QUALITY to TYSON pursuant to the terms of the contract were non-delegable.

70. QUALITY breached the subject contractual agreement by the following:

   (a) Performing its work in such a manner which caused the Fire to occur;

   (b) Failing to provide adequate fire protection to exposed flammable materials on the roof;

   (c) Failing to post a fire watch; and

   (d) To the extent that a fire watch was posted, posting a fire watch who negligently performed his duties.

71. As a direct and proximate result of QUALITY's aforementioned breaches of

its duties to TYSON and breach of the contract, a Fire occurred at TYSON's Facility, which caused extensive damages.

72. It was, or should have been reasonably foreseeable to QUALITY, that should QUALITY fail to comply with the terms of the contract and fail to perform its work in a safe and cautious manner, TYSON would be damaged.

73. As a direct and proximate result of QUALITY's breach of the contract and resulting fire, the Insurers were required to make payments of insurance proceeds to TYSON for the damages incurred and thus, the Insurers have been damaged by QUALITY's breaches as outlined herein.

WHEREFORE, the Plaintiffs, by and through their undersigned counsel, respectfully demand judgment against QUALITY ROOFING CONTRACTORS OF SOUTHEAST MISSOURI, INC., for compensatory damages, pre-judgment interest, post-judgment interest, costs, and any other relief that this Court deems proper and just.

### COUNT VIII - WANTONESS OF QUALITY

74. Plaintiffs reallege and reincorporate by reference paragraphs 1 through 15 as if fully stated herein.

75. At all times material to this action, Defendant QUALITY had a duty to perform its work in a safe and cautious manner, and operate the open flame torches in such a

manner so as to not cause a fire.

76. QUALITY breached its duty to TYSON when it performed its work of laying strips of roofing membrane in a wanton manner, or with a reckless or conscious disregard of the rights or safety of others.

77. QUALITY performed its work with a reckless or conscious disregard of the rights or safety of others by the following:

> (a) Performing its work in such a manner which caused the Fire to occur;
>
> (b) Failing to provide adequate fire protection to exposed flammable materials on the roof;
>
> (c) Failing to post a fire watch; and
>
> (d) To the extent that a fire watch was posted, posting a fire watch who negligently performed his duties.

78. Tyson specifically informed QUALITY of the requirement to post a fire watch.

79. QUALITY either knew or should have known, that breaching its duties to TYSON would likely or probably result in a dangerous situation such as a fire occurring.

80. As a direct and proximate result of QUALITY's wantonness, a Fire occurred on September 23, 2006.

81. As a direct and proximate result of QUALITY's wantonness, TYSON suffered

extensive damage.

82.  It was, or should have been, reasonably foreseeable to QUALITY that, if it breached its duties to TYSON, TYSON would be damaged.

83.  As a direct and proximate result of QUALITY's wanton breaches of due care and resulting fire, the Insurers were required to make payments of insurance proceeds to TYSON for the damages incurred and thus, the Insurers have been damaged by QUALITY's wantonness as outlined herein.

WHEREFORE, the Plaintiffs, by and through their undersigned counsel, respectfully demand judgment against QUALITY ROOFING CONTRACTORS OF SOUTHEAST MISSOURI, INC., for compensatory damages, pre-judgment interest, post-judgment interest, costs, and any other relief that this Court deems proper and just.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury on all issues so triable.

s/ Sean P. Ravenel
JOHN C.S. PIERCE
Alabama Bar No.: PIERJ0347
SEAN P. RAVENEL
Florida Bar No.:  0581364
Attorneys for Plaintiffs
BUTLER PAPPAS WEIHMULLER KATZ CRAIG LLP
One Harbour Place, Suite 500
777 S. Harbour Island Boulevard

Tampa, Florida  33602
Telephone:  (813) 281-1900
Facsimile:   (813) 281-0900
E-Mail: sravenel@butlerpappas.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 20th, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  Thomas T. Gallion, III, Jamie A. Johnston, Adrian D. Johnson, and James Campbell; and I hereby certify that I will provide by United States Postal Service and by Service of Process (unless waived) to:  Quality Roofing Contractors of Southeast Missouri, Inc., c/o Benjamin Goldman, Esq.

Respectfully submitted,

s/ Sean P. Ravenel
Sean P. Ravenel
Florida Bar No.:  0581364
Attorney for Plaintiffs
Butler Pappas Weihmuller Katz Craig LLP
One Harbour Place, Suite 500
777 S. Harbour Island Boulevard
Tampa, Florida  33602
Telephone:  (813) 281-1900
Fax:   (813) 281-0900
E-Mail: sravenel@butlerpappas.com