IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **LEXINGTON INSURANCE COMPANY**, as subrogee of Tyson Foods, Inc.; **TYSON INTERNATIONAL COMPANY, LTD.** as subrogee of Tyson Foods, Inc.; **ALLIANZ INSURANCE COMPANY** as subrogee of Tyson Foods, Inc.; **PRAETORIAN INSURANCE COMPANY** as subrogee of Tyson Foods, Inc.; and **TYSON FOODS, INC.**, | ]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] |
| **Plaintiffs,** | ] **CV-08-BE-1585-E**<br>]<br>] |
| v. | ]<br>] |
| **CONTRACTOR SERVICE & FABRICATION, INC.; and QUALITY ROOFING CONTRACTORS OF SOUTHEAST MISSOURI, INC.,** | ]<br>]<br>]<br>] |
| **Defendants.** | ]<br>] |

**MEMORANDUM OPINION AND ORDER**

This case comes before the court on Plaintiff/Counter Defendant "Tyson's Motion to Dismiss Quality Roofing's Counterclaim" (doc. 29). The parties have fully briefed the motion. Tyson asserts that Quality Roofing's counterclaim fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The court agrees. For the reasons stated below, the court GRANTS Tyson's motion to dismiss Quality Roofing's counterclaim (doc. 29). The court, therefore, DISMISSES WITHOUT PREJUDICE Quality Roofing's counterclaim.

To withstand a motion to dismiss, a party asserting a claim must provide "a short and plain statement of the claim . . . [that will] give the defendant fair notice of what the plaintiff's

1

claim is and the grounds upon which it rests." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 127 S. Ct. 2499, 2507 (2007) (internal quotation marks omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entilte[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (finding that on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation")).

In short, Rule 8(a)(2) "still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Id.*

In evaluating a motion to dismiss, the court assumes that all factual allegations set forth in the complaint are true, *United States v. Gaubert*, 499 U.S. 315, 327 (1991), and construes all factual allegations in the light most favorable to the plaintiff. *Brower v. County of Inyo*, 489 U.S. 593, 598 (1989). In other words, "[o]n a motion to dismiss, the facts stated in the . . . complaint and all reasonable inferences therefrom are taken as true." *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) (citing *Stephens v. Dep't of Health & Human Servs.*, 901 F.2d 1571, 1573 (11th Cir. 1990)). The court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In its Counterclaim, Quality Roofing asserts a claim for "negligent hiring, training, and supervision." In paragraph 13, Quality Roofing alleges that "Tyson had a duty to properly hire, train and supervise Defendant Contractor Service & Fabrication, Inc." It does not allege,

however, a factual basis for such a duty other than its statement that Tyson's Amended Complaint alleges that Contractor Service & Fabrication (CS&F) "served as a roofing contractor hired by" Tyson.

To prevail on a claim of negligence, Quality Roofing must first establish that Tyson owed it a duty. *See Callaway v. PPG Industries, Inc.*, 155 Fed App'x 450, 452 (11th Cir. 2005) (citing *Kendrick v. Ala. Power Co.*, 601 So. 2d 912, 914 (Ala. 1992)). In arguing that Quality Roofing failed to allege any facts to show that Tyson owed it a duty, Tyson argues that the general rule under Alabama law provides that "the owner of premises . . . generally does not owe a duty to employees of an independent contractor with respect to work conditions."*Kendrick v. Ala. Power Co.*, 601 So. 2d 912, 914 (Ala. 1992).

In its response, Quality Roofing does not address this Alabama law, nor does it state that its claims travel under any exception to the general rule. Instead, Quality Roofing couches its argument in terms of an employer/employee relationship between Tyson and CS&F. Indeed, assuming that the general rule stated in *Kendrick* applies between a premises owner and an independent contractor, an exception arises when the premises owner retains the right to control the manner in which the contractor performs work; that right to control changes the relationship from premises owner and independent contractor to master and servant. *Kendrick*, 601 So. 2d at 914. However, the Counterclaim fails to allege any right by Tyson to control the manner in which CS&F performed its work.

Quality Roofing argues that "one could reasonably infer the existence of an employer-employee relationship between Tyson and CS&F based upon Tyson's statement in its Amended Complaint that it 'hired' CS&F and directed it to perform specific roofing work at one of

Tyson's chicken processing facilities [Doc. 15, ¶ 8]." The full allegation in paragraph 8 of the Amended Complaint regarding the relationship between Tyson and CS&F states: "CS&F served as a roofing contractor hired by TYSON to remove a portion of the existing steel roof deck and roof support structure and to install new structural steel to complete a roof replacement project at Tyson's chicken processing facility, located in Heflin, Alabama."  Even if that statement could give rise to an inference necessary to establish one element of Quality Roofing's Counterclaim, which the court doubts, paragraph 8 does not state that Tyson "directed" the work of CS&F or in any way retained or exercised control over the manner in which CS&F performed the job Tyson hired it to do. The only reasonable inference one can draw from paragraph 8 supports the existence of a premises owner/independent contractor relationship between Tyson and CS&F.

  As an alternative theory for establishing Tyson's negligence, Quality Roofing argues that Tyson had a non-delegable duty to use due care in selecting competent "fellow servants." It then argues that it is "plausible" that Tyson "breached its non-delegable duty to Quality to hire a competent fellow contractor." No factual allegations in the Counterclaim, nor any *factual* allegations borrowed from the Amended Complaint, support this alternate theory of duty.

  In its motion to dismiss Quality Roofing's Counterclaim, Tyson argues that without factual allegations to support a legal theory of duty, the Counterclaim merely contains a "formulaic recitation" of the elements. As the court already noted, formulaic recitations cannot substitute for factual grounds showing entitlement to relief. Furthermore, the only factual allegations at all concerning the relationship between Tyson and CS&F appear in the Complaint. Those factual allegations, as the court has already noted, only support the conclusion that a premises owner/independent contractor relationship existed between Tyson and CS&F. No

factual allegations, nor any reasonable inferences drawn from the factual allegations, support the conclusion that Tyson exercised control or directed the work of CS&F such that an employer/employee relationship existed.

Because Quality Roofing failed to assert any factual allegations that would indicate that Tyson owed it a duty – a key element of any negligence claim – Quality Roofing failed to assert a claim of negligence. The court finds, therefore, that Tyson's motion to dismiss is due to be GRANTED under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

The court, accordingly, DISMISSES WITHOUT PREJUDICE Quality Roofing's Counterclaim.

DATED this 30th day of June, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE